FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2b JAN -6 PM 4: 32

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Alfred A. Arraj United States Courthouse

901 19th Street

Denver, CO 80294


Petra Violet Vasquez,

Plaintiff, Pro Se

PO BOX 33

Commerce city, Colorado 80037


v.


Carrington Mortgage Services, LLC,

Defendant.

Attorneys For Defendant:

Christopher Yost, Esq

Adams ad Reese

1001 17th Street, Ste 1000

Denver, CO 80202

Phone: (720) 970- 2151

Email: Chris.Yost@arlaw.com


**Civil Action No.: 1:25-CV-04114-RTG**

PLAINTIFF'S MOTION TO REMAND AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Petra Violet Vasquez, Pro Se, respectfully moves this Court for an order remanding this action to the District Court for Adams County, Colorado, pursuant to 28 U.S.C. § 1447(c). In support, Plaintiff states:

I. PROCEDURAL BACKGROUND

1. Plaintiff filed this action in the District Court for Adams County, Colorado, seeking state-law relief to compel accounting and proof of authority related to an alleged residential mortgage.

2. Defendant Carrington filed a Notice of Removal, asserting federal-question jurisdiction solely based on references to the Real Estate Settlement Procedures Act (RESPA) and Regulation X in Plaintiff's original complaint.

3. No substantive rulings have been issued in either court.

4. Plaintiff has now withdrawn all federal claims and filed (contemporaneously files) an Amended Complaint asserting exclusively state-law claims, grounded in:

Colorado's enactment of UCC Article 3 (C.R.S. §§ 4-3-301)

Colorado common law governing negotiable instruments and deeds of trust, and

Colorado procedural and equitable principles.

5. Plaintiff does not concede federal jurisdiction and brings this motion to challenge removal.

## II. LEGAL STANDARD

6. Under 28 U.S.C. § 1447(c), a case must be remanded if, at any time before final judgment, the district court lacks subject-matter jurisdiction.

7. Federal courts are courts of limited jurisdiction, and removal statutes are strictly construed, with all doubts resolved in favor of remand.

See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986).

8. The removing party bears the burden of establishing federal jurisdiction.

## III. ARGUMENT

A. No Federal Question Jurisdiction Exists

9. Federal-question jurisdiction exists only when a federal issue is presented on the face of a well-pleaded complaint.

See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

10. Plaintiff's Amended Complaint asserts no federal causes of action, no federal remedies, and no claims arising under federal law.

11. The operative pleading concerns only:

-Whether Defendant is a "person entitled to enforce" a promissory note under C.R.S. § 4-3-301.

-Whether Defendant has authority under Colorado law to collect, enforce, or foreclose.

12. These are purely state-law matters routinely adjudicated by Colorado courts.

B. Any Federal Issue Was Not Substantial or Necessary

13. Even if the original complaint referenced federal statutes, federal jurisdiction does not exist unless the federal issue is substantial, disputed, and necessary to resolution.

See Grable & Sons Metal Prods., Inc. v. Darue Eng'g, 545 U.S. 308 (2005).

14. Determining authority to enforce a promissory note can be resolved entirely under Colorado law.

C. State Court is the Proper Forum

15. This case concerns:

-Colorado real property;

-A loan governed by Colorado law;

-Colorado foreclosure and trustee procedures;

-Colorado's version of the Uniform Commercial Code.

16. Principles of comity, federalism, and judicial economy favor remand at this early stage.

D. Clarification Regarding Procedural Posture

17. Plaintiff files this motion promptly to ensure remand before any substantiative federal adjudication occurs.

IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Remand this action to the District Court for Adams County, Colorado, pursuant to 28 U.S.C. § 1447(c);

Respectfully submitted,

By: _____

Petra Violet Vasquez

Plaintiff, Pro Se

Without Prejudice, all rights reserved

CRS 4-1-308

CERTIFICATE OF SERVICE

I certify that on this __7__ day of __January__, 2025, a true and correct copy of the foregoing Motion to Remand was served upon counsel for Defendant via U.S. Certified Mail *email* addressed as follows:

Carrington Mortgage Services, LLC

Attn: Christopher Yost, Esq

Adams and Reese LLP

1001 17th Street Ste 1000

Denver, CO 80202

Petra Violet Vasquez